UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLARENCE TONEY, | : | |
| | : | |
| Petitioner, | : | Civ. No. 12-2108 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PAUL FISHMAN, et al. | : | |
| | : | |
| Respondents. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.  INTRODUCTION

Petitioner is currently incarcerated at State Correctional Institution Dallas, in Dallas, Pennsylvania. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Court previously administratively terminated this action as petitioner failed to name the proper respondent and as a duplicative habeas petition of Civ. No. 09-1465. Nevertheless, petitioner was given leave to move to reopen this case if he corrected these deficiencies.

Subsequently, petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which this Court construes as petitioner's attempt to reopen this case. Accordingly, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be denied without prejudice.

II.  BACKGROUND

The thrust of the instant habeas petition is that petitioner is seeking to have his federal sentence run concurrent to a state sentence imposed for a crime that was not committed at the time the federal sentence was imposed. (*See* Dkt. No. 3-1 at p. 2.) He names as respondents

1

Jerome Walsh, who is the warden at the State Correctional Institution Dallas, in addition to Paul Fishman and the Bureau of Prisons. Additionally, petitioner claims in his petition that administrative exhaustion of his claims should be excused because he is currently incarcerated in a state prison.

### III.  DISCUSSION

As previously stated, petitioner is currently incarcerated at the State Correctional Institution Dallas, in Dallas, Pennsylvania. That facility is located within the Middle District of Pennsylvania. The proper venue for a § 2241 proceeding is the prisoner's district of confinement. *See Meyers v. Martinez*, 402 F. App'x 735, 735 (3d Cir. 2010) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)); *see also United States v. Williams*, Crim. No. 06-0027, 2010 WL 1205474, at *2 (N.D. Fla. Mar. 23, 2010) (noting that where defendant initiated process of seeking *nunc pro tunc* designation of state prison for service of federal sentence, remedy is to file a § 2241 habeas petition "in the federal judicial district encompassing the facility where he is incarcerated"). Accordingly, the proper District for this action is the Middle District of Pennsylvania, not this Court. Therefore, the matter will be dismissed without prejudice as it is improperly before this Court. *See United States v. Little*, 392 F.3d 671, 680 (4th Cir. 2004) ("At the time Little refiled his § 2241 petition, he was confined in a federal medical center in Texas. Accordingly, the [Western District of North Carolina] was not the proper venue for Little's § 2241 petition, and we must dismiss Little's § 2241 petition without prejudice for him to refile, if he so desires, in the proper United States District Court.") (citation omitted).

The Court also finds that it would not be in the interest of justice to transfer this action to the Middle District of Pennsylvania. *See* 28 U.S.C. § 1631. Ordinarily, prisoners are required "to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to 28

U.S.C. § 2241." *See Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (per curiam) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).  Nevertheless, administrative exhaustion can be excused "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Id.* (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005); *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring)).  The interests of justice do not warrant transferring this case as it does not appear that petitioner has exhausted his administrative remedies nor shown that exhaustion should be excused.[1]

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice.  An appropriate order will be entered.


DATED:   March 24, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[1] This determination to not transfer this case does not prevent petitioner from separately filing an action in the Middle District of Pennsylvania nor should it be read as affirmatively holding that exhaustion should not be excused.  It only relates to the Court's finding that the interests of justice do not warrant transferring this case to the Middle District of Pennsylvania as it does not *appear* that petitioner exhausted his administrative remedies or that exhaustion should be excused.